JAMES DRISCOLL, Administrator, etc., of MARY DRISCOLL, Deceased, Respondent, v. THE MAYOR, Etc., OF THE CITY OF NEW YORK, Appellant.

*Contributory negligence — question for the jury.*

The plaintiff's wife on the 21st of August, 1871, and for several years prior thereto, resided on the north-east corner of Thames and Greenwich streets, New York. On the south-east corner of said streets a hole had existed in the sidewalk for several years. About seven o'clock in the evening of that day she left her home on business, fell into the hole, and received injuries from which she died soon after. In an action to recover damages therefor, the defendant claimed that her mind was engrossed by business, and that she fell into the hole from her failure to give her attention to it. *Held*, that whether or not her failure to direct her attention to the existence of the hole on account of her mind being engrossed in business was such contributory negligence as prevented a recovery, was properly left to the jury.

*Durkin* v. *City of Troy* (61 Barb., 437) distinguished.

APPEAL from a judgment in favor of the plaintiff entered upon the verdict of a jury, and from an order denying a motion for a new trial made upon the minutes of the justice before whom the action was tried.

*Chas. P. Miller*, for the appellant.

*B. F. Einstein*, for the respondent.

DANIELS, J.:

The plaintiff, as the administrator of his deceased wife, recovered a verdict of $1,000 for the pecuniary loss sustained by her next of kin in consequence of her death, which it was found was caused by the negligence of the defendant. She resided with her husband and family on the north-east corner of Thames and Greenwich streets; and on the south-east corner of the same streets a hole had existed in the sidewalk for several years before 1871. It was near the curb stone, and had been caused by the breaking of one of the flag stones, and the falling away of the curb. It was three or four inches deep, and about, or over, a foot square. The intestate had resided on the corner of the streets for several years before the 21st of August, 1871, and was undoubtedly aware of the fact that the hole had existed as it has been described. Upon the evening of that day, about seven o'clock, she left her residence to attend to some of her family duties, and while so engaged she stepped into this hole, and was thrown down by means of it, and so seriously injured by the fall that she soon afterwards died.

It has not been seriously contended that the city authorities had not been culpably negligent for omitting to fill up and repair this hole in the walk. But it was its duty to keep the walk in a reasonably safe condition; and it had failed so long in its observance, in this instance, as to be justly chargeable with negligence. The objection to the recovery has been chiefly placed upon the asserted negligence of the deceased, in not avoiding this defective part of the walk. That she knew of its existence is reasonably free from doubt; and if she had, at the time, her mind upon it, the accident would probably have been avoided; but it is probable, from the evidence, that her attention was engrossed by the business she had left her resi-

dence to transact, and, without, at the time, thinking of this hole, accidentally stepped into it, and from the fall produced by doing so received the injury of which she died. Her instinctive inclination to protect herself against the risk of injury would have induced her to have avoided this place if she had noticed it, as she was approaching its vicinity; for that reason, it may be assumed that her mind was otherwise employed, and upon that circumstance the charge of negligence must be predicated, if it can be sustained at all. It was the duty of the defendant to keep the walks in such a condition that they could be safely used by persons reasonably engrossed in their own pursuits. Even the most prudent will sometimes be incapable, by the pressure of their cares, from avoiding that condition. Indeed, it is quite common to find careful people in just that state of mind. It naturally results from the subjects employing their attention, and their confidence in their ability at the same time to secure their safety, and cannot be held to be unequivocal evidence of the want of care. There are many causes which will often divert the attention from objects of danger, ordinarily known to be near at hand, without rendering the individual injured chargeable with neglect; and as that is the case, the question of the existence of negligence must, in most cases, be a subject for the decision of a jury. It is an inference to be deduced from circumstances, and for that reason within the province of that body. Under a certain state of facts, it might be properly held that a person was careless for allowing the attention to be diverted away from a source of danger by any demand that might be made upon it, while in others, the danger itself would not be so apparent as to justify the same conclusion. The deceased probably apprehended no risk, and for that reason allowed her thoughts to be employed with other subjects. That may have been an act of negligence, and if the jury had found it to be so, their verdict would not have been disturbed, but they found otherwise, upon facts that were consistent with the accuracy of that conclusion.

The case is different from that of *Durkin* v. *City of Troy* (61 Barb., 437), for the plaintiff was cautioned by his wife, just before the accident, concerning the ice which caused his fall. It was a present object of attention with him; but there was no circumstance in this case from which that fact could have been properly

inferred. The case was within the principle of that of *Mosey* v. *City of Troy* (61 Barb., 581), where it was held that there was no such manifest negligence as to justify the court in ordering a non-suit. The question of contributory negligence must, under ordinary circumstances, be decided by the jury. Its existence is one of inference usually, and the facts were sufficient to give it that character in this instance.

The judgment and order should, therefore, be affirmed.

Present — DAVIS, P. J., BRADY and DANIELS, JJ.

Judgment and order affirmed.